OPINION
{¶ 1} Defendant, David Lee Carlton, appeals from his sentences imposed for the offenses of possession of cocaine and possession of heroin. Each is a violation of R.C. 2929.11(A), a fifth degree felony. The potential term of incarceration for a fifth degree felony is from six to twelve months. The trial court sentenced Carlton to a term of ten months for each offense, to be served consecutively.
 {¶ 2} Carlton's prison sentences were imposed after and upon a finding by the court that he violated community control sanctions the court had imposed in lieu of a prison term when Carlton was convicted. Pursuant to R.C. 2929.15(B), the court notified Carlton at that time that if he violated his community control sanctions the court would impose the two ten month, consecutive sentences it later imposed.
 {¶ 3} Carlton had not previously served a prison term when he was convicted of these two violations of R.C. 2929.11(A). The court was therefore mandated by R.C. 2929.14(B) to impose the shortest available term unless it found, on the record, that the shortest term would demean the seriousness of the criminal conduct involved or would not adequately protect the public from future crime the offender might commit. The court is not required to give its reasons for arriving at those findings, however. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 4} In addition to imposing sentences longer that the available minimum, the court ordered the sentences served consecutively. R.C.2929.14(E)(4) requires the court to then make certain additional findings. Per R.C. 2929.19(B)(2), the court must also state its reasons for arriving at those findings. State v. Hacker (Aug. 24, 2001), Clark App. No. 2001-CA-12.
 {¶ 5} When the court imposed community control sanctions it made no findings with respect to the sentence it told Carlton it would impose should he violate those sanctions. Neither did the court make any findings from the bench when it terminated Carlton's community control and imposed the two consecutive sentences. The only reference to those matters the court made was in its judgment entry of the same date, which states:
 {¶ 6} "The Court FINDS that the defendant has violated the community control granted to him in Case No. 2000-CR-608.
 {¶ 7} "The court also finds the following:
 {¶ 8} "___ That a non-prison sanction demeans the seriousness of the offense;
 {¶ 9} "___ That a non-prison sanction will not adequately punish defendant and protect the public;
 {¶ 10} "X That factors increasing seriousness outweigh those decreasing seriousness;
 {¶ 11} "X That there is a likelihood of recidivism;
 {¶ 12} "The Defendant's complete disregard for the Court's orders indicates a strong likelihood of recidivism."
 {¶ 13} Carlton argues that these statements are insufficient to comply with the statutory findings and reasons requirements applicable to the non-minimum and consecutive prison sentences the court imposed. The State concedes as much, and we agree.
 {¶ 14} R.C. 2929.14 does not prohibit use of "menu" format of the kind the court employed here in compliance with the findings requirements that section imposes. All that is required is an expression of what statutory factors the court found, and if it wishes to check-off from a pre-printed format those which apply, it may. However, the particular format the Greene County Court of Common Pleas, General Division, employed here, and has employed in other cases, is inadequate to the task. Further, it can't satisfy the "reasons" requirement of R.C.2929.19(B)(2), when that section applies, because reasons are individualized causes. We have in the past urged the court to abandon its practice, or reform it. We do so again.
 {¶ 15} The assignment of error is sustained. The trial court's sentence is reversed and vacated. This matter is remanded to the trial court for resentencing, which must include the findings and reasons required by R.C. 2929.14(B),(E)(4) and R.C. 2929.19(B)(2)(c).
BROGAN, J. and YOUNG, J., concur.